Eugenia G. Sleeper
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
Telephone: (907) 563-8844
Facsimile: (907) 563-7322

Counsel for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

LOWER KUSKOKWIM               )
SCHOOL DISTRICT,              )
                             )
            Plaintiff,        )
                             )
vs.                          )
                             )
AMANDA MAXIE; MATTHEW TRICK,  )
in his official capacity as an attorney at )
ALASKA LEGAL SERVICES        )
CORPORATION OF ALASKA, INC; and )
ALASKA LEGAL SERVICES        )
CORPORATION OF ALASKA, INC,  )
                             )
            Defendants.       )      Case No. _____
_____)

## **COMPLAINT**

Comes now plaintiff, Lower Kuskokwim School District, by and through its attorneys

Jermain, Dunnagan & Owens, P.C., and alleges and complains as follows:

### **JURISDICTION**

1.      This complaint seeks an award of reasonable attorney fees and costs to the plaintiff

as the prevailing party in two related proceedings brought under the Individuals with Disabilities

Education Act, 20 U.S.C. §1400, et seq.

{00827648}

2.     This Court has jurisdiction over this action pursuant to 20 U.S.C. §1415(i)(3)(A), and jurisdiction to provide relief pursuant to 20 U.S.C. §1415(i)(3)(B).

3.     Venue in Alaska is proper under 28 U.S.C. §1391(b) & D.Ak.L.R. 3.3.

## PARTIES

4.     The plaintiff is Lower Kuskokwim School District ("LKSD" or "District"), a Regional Educational Attendance Area ("REAA") school district organized and operating under the laws of Alaska and providing public educational services for Students within its region. LKSD's region includes multiple villages in southwest Alaska.

5.     Defendant Amanda Maxie ("Maxie") is the parent of a school aged child, "Student", who attended one of the village schools within LKSD's region until his disciplinary removal in October, 2017. The geographic location of the community in which the school is located is referred to herein as "Village." Maxie currently resides in Village, Alaska.

6.     Defendant Alaska Legal Services Corporation, Inc. ("ALSC") is a private, nonprofit law firm established in the State of Alaska. At times relevant to this complaint, ALSC maintained offices and provided legal services throughout Alaska.

7.     Defendant Alaska Legal Services Corporation, Inc. employs Matthew Trick in his official capacity as an ALSC staff attorney. Upon information and belief, Mr. Trick is not admitted to practice law in the state of Alaska but is employed by ALSC and permitted to practice within the state pursuant to an Alaska Bar Rule 43 Waiver.

8.     ALSC, through Matthew Trick in his official capacity as an attorney at ALSC, provided legal services for Maxie in two due process hearings asserted against LKSD under the Individuals with Disabilities in Education Act, as amended, 20 U.S.C. § 1400, et seq. ("IDEA"), and state law, AS 14.30.180, et seq. These proceedings, Alaska Department of Education and

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{00827648}

COMPLAINT                                                                                    Page 2 of 24
*LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No.*_____

Early Development ("DEED") Due Process Hearing Nos. 18-04 and 18-05, were brought on behalf of Maxie and her child, Student. Both actions resulted in decisions where the District was the prevailing party in all respects.

## FACTUAL BACKGROUND

9.     Student is not a child with disabilities. He has never been referred for evaluation as a Student with suspected disabilities by any of his teachers. Student has never been diagnosed with any qualifying disability under IDEA.

10.     On or about October 31, 2017, during the school day and while on school grounds, Student physically assaulted his school principal and a law enforcement officer who had been summoned to the school to assist. Student's assault caused significant physical injury to the school principal and resulted in Student being removed from the school by a law enforcement officer. Student was suspended and recommended for expulsion as a result of this incident.

11.     After the assault, and prior to the expulsion hearing, Maxie and her mother met with LKSD Superintendent Daniel Walker and Assistant Superintendent Carlton Kuhns regarding the proposed disciplinary action. At this meeting, neither Maxie nor her mother, who was one of Student's teachers in Village, expressed any concern of a suspected disability or otherwise suggested that Student had a disability of any kind. Maxie and her mother shared several letters from Student's teachers reflecting Student's success and positive behavior in school.

12.     Matthew Trick of ALSC advised LKSD's attorney on November 30, 2017 of his representation of Student in relation to the suspension and scheduled expulsion hearing. The expulsion hearing, which was scheduled for December 18, 2017, was canceled and rescheduled for January 16, 2018, at Mr. Trick's request.

{00827648}

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

13.     On January 9, 2018, days before the re-scheduled expulsion hearing, Mr. Trick sent an email to LKSD's counsel requesting an evaluation of Student for special education and related services under IDEA, and asserted that Student should be returned to school pending the evaluation. The District, through counsel, immediately responded that the District would proceed with an evaluation. The District's counsel further advised that the expulsion hearing would also proceed as scheduled.

14.     On January 10, 2018, Maxie obtained a substance abuse assessment for Student at Bethel Family Clinic, at which time she reported that Student "does not have special needs," and "is good in academics with school." The Bethel Family Clinic assessment diagnosed Student with Cannabis Use Disorder, Moderate. This report was not provided to the District or the Hearing Officer until after the hearing in DEED Case No. 18-04, on March 6, 2018.

15.     On the evening of January 10, 2018, one day following Mr. Trick's email requesting an evaluation and only hours after Maxie reported to Bethel Family Clinic that Student "does not have special needs," Mr. Trick filed a complaint and request for Due Process Hearing on behalf of Maxie and Student, DEED No. 18-04 ("DPH I"). The complaint alleged that Student had been exhibiting "all of the classic behaviors of a child who is suffering from one or more disabilities," and that the District had failed in its child find obligations by not previously evaluating and identifying Student as eligible for special education services.

16.     DPH I was filed for the improper purpose of circumventing pending disciplinary action due to Student's assault on the principal. This improper purpose was reflected in an email Mr. Trick sent on January 15, 2018, wherein he attempted to invoke "stay-put" so that Student would be immediately returned to school pending resolution of the due process hearing. This improper purpose was similarly reflected in Mr. Trick's prior, January 9, 2018 email, asserting

{00827648}

COMPLAINT                                                                              Page 4 of 24
*LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No.*_____

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

that Student should be immediately returned to school pending the outcome of the evaluation request as "conducting the expulsion hearing, without this data, means the District will be moving to expel a disabled child, while in profound and studied ignorance of the child's disabilities. This is going to increase your client's exposure to compensatory education."

17.     The re-scheduled expulsion hearing proceeded as stated on January 16, 2018. During the expulsion hearing, Mr. Trick again revealed his improper motive in filing DPH I, asserting to the School Board that the District had been sued and attempting to submit a copy of the complaint he had filed in DPH I as an exhibit reflecting why Student should not be expelled. The School Board upheld the Superintendent's recommendation for expulsion at the hearing.

18.     After Maxie's efforts to use DPH I to avoid the expulsion proceeding failed, Maxie, through ALSC and Mr. Trick, repeatedly sought to delay the due process hearing beyond the time limits outlined in 20 U.S.C. §1415(f) and 4 AAC 52.550. These efforts were reflected through direct requests to the District, which were declined, requests made during status conferences before the Hearing Officer, which were denied, a motion to continue the hearing presented on the eve of the hearing, which was denied, and a second due process hearing complaint.

19.     Also during the course of the proceeding, ALSC and Mr. Trick, on behalf of Maxie, presented multiple pleadings which were frivolous, unreasonable, or without foundation, as they were not grounded in fact or law. These motions and pleadings were filed for the improper purposes of delay, harassment of the District, and needlessly increasing the cost of litigation.

20.     On February 1, 2018, Maxie, through ALSC and Mr. Trick, filed a second complaint and request for Due Process Hearing, DPH 18-05 ("DPH II"). This complaint alleged that the District violated stay-put by failing to return Student to school, and instead proceeding to expel him, after Maxie had filed DPH I. This second action was frivolous, unreasonable, and

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{00827648}

without foundation as it was not supported by law, and it was filed for the improper purpose of seeking delay of the hearing in DPH I, harassing the District, and needlessly increasing the cost of litigation.

21.     Following a four-day hearing held February 26-March 1, 2018 in DEED 18-04 (DPH I), evaluations previously requested by Mr. Trick on behalf of Maxie were received. These reports reflected that Student does not have a qualifying disability under IDEA. However, ALSC and Mr. Trick did not voluntarily dismiss either DPH I or DPH II, and continued to litigate these claims after they clearly became frivolous, unreasonable, or without foundation.

22.     Lower Kuskokwim School District prevailed on all issues presented in DEED 18-04 (DPH I) as set forth in the decision of Hearing Officer Lebo, dated July 20, 2018. In Hearing Officer Lebo's Order, he explained "None of the persons close to Student, who knew him well, ever stated that they believed he had a disability of any sort, let alone one that would qualify him for special education eligibility . . . Similarly, none of the professionals who evaluated Student after the fact diagnosed him with a potential disability that would bring him within the provisions of the IDEA." The Hearing Officer ordered, "All relief sought by Parent in this matter on behalf of Student is denied."

23.     LKSD also prevailed on all issues raised in DEED 18-05 (DPH II). Parent's complaint was dismissed, upon motion by the District, by Hearing Officer Lebo on April 30, 2018. The Hearing Officer found that federal regulation 34 C.F.R. §300.534(d) was dispositive and Parent had no cognizable claim for a stay-put violation.

24.     None of the Hearing Officer orders finding in favor of the District in DEED 18-04 and 18-05 have been appealed.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{00827648}

COMPLAINT                                                                 Page 6 of 24
*LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No._____*

25.     A school district is responsible for all the costs of due process hearing complaints, including the fees billed by the Hearing Officer.  4 AAC 52.550(p).  LKSD has paid all costs associated with the due process hearing complaints filed in DEED 18-04 and 18-05, including fees billed by the Hearing Officer in these cases.

### FIRST CAUSE OF ACTION
(Award of Attorneys Fees and Costs Against Defendants for
"Motion Concerning Student's Evaluations")

26.     Plaintiff realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 25 above.

27.     An award of reasonable attorney fees and costs to a prevailing school district may be made against the attorney of a parent who files a claim that is frivolous, unreasonable, or without foundation, or who continues to pursue a claim after the claim clearly became frivolous, unreasonable, or without foundation.  20 USC §1415(i)(3)(B)(i)(II) and 34 CFR §300.517.

28.     An award of reasonable attorney fees and costs to a prevailing school district may be made against the attorney of a parent, or against the parent, when the claim is presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the costs of litigation.  20 USC §1415(i)(3)(B)(i)(III) and 34 CFR §300.517.

29.     During a status conference on February 2, 2018, Hearing Officer Lebo advised the parties that if they intended to engage in motion practice, that motions should be promptly filed, given the truncated hearing dates required by law.  ALSC and Mr. Trick did not do so, and instead, filed multiple baseless, harassing, and meritless motions the week prior to hearing, with the improper purposes of delay, harassing the District, and needlessly increasing the cost of litigation.

30.     On February 16, 2018, 10 days prior to the hearing, Maxie, through ALSC and Mr. Trick, filed a "Motion Concerning Student's Evaluations."  This motion was devoid of any

{00827648}

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

authority or basis on which the Hearing Officer could issue a decision. The Motion requested an order that expedited evaluations of Student occur and/or to require continuation of the hearing.

31.     The Motion Concerning Student's Evaluations was frivolous, unreasonable, without foundation and pointedly omitted material facts demonstrating that the District had been diligently pursuing evaluation of Student. Specifically, the February 16, 2018 Motion alleged that Maxie had requested an immediate evaluation almost six weeks prior and "[f]or weeks, the District did nothing." The Motion omitted, however, the following facts:

a)      The District had requested Maxie attend a pre-evaluation meeting on January 25, 2018 to discuss appropriate areas of assessment for Student, which she declined. The meeting was scheduled for January 30, 2018, at Mr. Trick's request.

b)      On January 29, 2018, the day before the pre-evaluation meeting, Mr. Trick notified the District that Student was unilaterally removed from Village by Maxie and admitted into an in-patient substance abuse treatment center in Sitka, Alaska, for a program to last between seventy-five and ninety days. Mr. Trick requested that the hearing, the pre-evaluation meeting, and Student's evaluation, be stayed. These requests to delay the meeting, the evaluation, and the hearing were denied by the District.

c)      At the January 30, 2018 pre-evaluation meeting, LKSD committed to send an evaluator to Sitka, Alaska, for the purpose of evaluating Student. LKSD requested Maxie sign a consent permitting LKSD to evaluate Student, and a consent to release information so that LKSD could communicate and coordinate with the Sitka facility in regard to the evaluation.

d)      Maxie did not provide the necessary consent authorizing Student to be evaluated by LKSD until the evening of January 31, 2018, three weeks after Mr. Trick sent an email

{00827648}

COMPLAINT                                                                                       Page 8 of 24
*LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No._____*

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

requesting Student be evaluated. At the time Maxie provided the necessary consent for LKSD to evaluate Student, Student was already in Sitka, Alaska.

e)     Although Maxie provided consent for Student to be evaluated, she refused to provide consent to release information so that LKSD could communicate and coordinate with Student's treatment program in order to complete the assessments during Student's admission in Sitka.

f)     LKSD could not access Student in Sitka or communicate with the facility regarding Student's evaluation without Maxie's consent, which she refused. Maxie and her attorney knew that by refusing to sign a release of information permitting LKSD to communicate with the Sitka facility that LKSD would not be able to evaluate Student while he was at that facility. Maxie did not sign the necessary release to permit LKSD to communicate with Raven's Way about Student because she believed that an evaluation by LKSD while Student was at Raven's Way would interfere with his program there.

g)     Student returned to LKSD on or about late afternoon on February 13, 2018. This information was not provided to LKSD until after LKSD's attorney specifically requested Maxie's attorney confirm whether and when Student would return to Village.

h)     On February 14, 2018, the day after receiving confirmation that Student was returning to Village, LKSD's Special Education Director contacted Maxie and arranged with Maxie to have Student assessed at the District offices in Bethel on February 19 and 20, 2018.

i)     Mr. Trick of ALSC was also informed on Wednesday, February 14, 2018, that assessments were scheduled for the upcoming Monday and Tuesday, February 19-20. He

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{00827648}

COMPLAINT                                                                      Page 9 of 24
LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No._____

acknowledged the evaluation schedule in an email on February 15, 2018, and asked additional questions about the evaluations.

32.     On Friday, February 16, 2018, with full knowledge that evaluations were scheduled for the upcoming Monday and Tuesday, Mr. Trick of ALSC filed the Motion Concerning Student's Evaluations. The Motion was devoid of any fact or legal argument to support a ruling by the Hearing Officer, omitted all of the facts described in paragraph 31 above, and falsely asserted that the District had "done nothing" in regard to the requested evaluations.

33.     The Motion Concerning Evaluations was frivolous, unreasonable, and without foundation, and clearly presented for an improper purpose to cause unnecessary delay, harass the District, and needlessly increase the cost of litigation as it was filed with full knowledge that Maxie had previously requested the evaluations be delayed, which the District declined; that no consent to evaluate had been provided to LKSD until January 31 when Student was already absent from the District; that Student had been out of the District and physically unavailable for assessment by LKSD; that Maxie had refused to sign a consent permitting LKSD to access Student in Sitka for purposes of assessment; and that the District had already arranged for assessments to be administered on February 19 and 20, days after his return to the District.

34.     Two status conferences were held on February 20, and February 22, 2018, at which the Motion Concerning D.E's Evaluations were discussed. During the February 20 status conference, the District's counsel expressed the view that the motion for an expedited evaluation was not filed in good faith and needlessly increased the cost of litigation, given that it was filed knowing that the District could not evaluate Student while he was at Raven's Way, and knowing that the evaluations were already scheduled immediately upon his return.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{00827648}

COMPLAINT                                                                 Page 10 of 24
*LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No.*_____

35.     During the status conference held on February 22, 2018, Mr. Trick again misrepresented the status of Student's assessments to the Hearing Officer. Specifically, Mr. Trick asserted that a request for evaluation was submitted on January 9, 2018, and the District had "done nothing" to accomplish the evaluations. Mr. Trick made this false assertion knowing that Maxie had not provided consent for LKSD to evaluate Student until January 31, 2018 when Student was in Sitka, and that assessments had in fact already been administered to Student days prior, on February 19 and 20, 2018 in Bethel, Alaska, within days of his return to the District.

36.     Mr. Trick's assertions to the Hearing Officer on February 22, 2018 were improper in that they were knowingly false, and were further made for the improper purpose of delaying the hearing in DEED 18-04. During the status conference, Mr. Trick asserted that the District's alleged failure to timely complete the evaluations warranted continuance of the due process hearing scheduled to begin the upcoming Monday, on February 26, 2018.

37.     All of the time spent to prepare and submit the District's Opposition to the improper and factually incomplete Motion Concerning Student's Evaluation was required to be done within the days immediately preceding the scheduled due process hearing. Filing of the frivolous, unreasonable, and baseless motion was for the improper purpose of causing unnecessary delay, harassing the District, and needlessly increasing the costs of litigation.

38.     During the due process hearing, Hearing Officer Lebo orally denied Maxie's Motion Concerning Student's Evaluations. Hearing Officer Lebo confirmed this denial with a written Order on March 6, 2018. He held that the District was making reasonable efforts to conduct the evaluations in an expedited manner, and that the motion "omitted relevant facts" concerning communications between the parties, Student's removal from the District, and Maxie's

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{00827648}

COMPLAINT                                                                 Page 11 of 24
*LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No.*_____

unwillingness to permit the District to evaluate Student in Sitka. The Order explains: "Omission of such information is always counterproductive in a context such as this. Parent and counsel would be best served in the future by fully disclosing material facts in any motion or argument presented in this matter." He found that the requested relief of expedited evaluations were already in process when the motion was made.

39.     LKSD incurred and paid reasonable attorney fees and costs in responding to the frivolous, improper, and factually incomplete Motion Concerning Student's Evaluations, in excess of $4,000. These costs include time spent by LKSD attorneys during the status conferences on February 20 and 22, 2018 addressing the motion, researching and compiling written documentation to support the District's Opposition to the Motion Concerning D.E's Evaluations, time spent preparing a supporting affidavit of the Special Education Director to accompany the District's Opposition to the Motion Concerning Student's Evaluation, and drafting the District's Opposition to the Motion, as well as additional amounts paid for time spent by the Hearing Officer during status conferences to address the motion, reviewing pleadings submitted by the parties, and in researching, analyzing, and preparing rulings on the Motion.

40.     The attorney fees and costs paid by LKSD in responding to this Motion are reasonable and are based on rates prevailing in the State of Alaska for the kind and quality of services furnished. 20 U.S.C. §1415(i)(3)(C).

**SECOND CAUSE OF ACTION**
(Award of Attorneys' Fees and Costs Against Defendants for
"Motion for Expedited Interim Relief")

41.     Plaintiff re-alleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 40 above.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{00827648}

COMPLAINT                                                               Page 12 of 24
*LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No.*_____

42.     On February 20, 2018, Maxie, through ALSC and Mr. Trick, filed a Motion for Expedited Interim Relief. In this Motion, filed days before the start of the hearing, Maxie alleges that the District was on notice that Student "might" have a disability and therefore expulsion was improper. Maxie requested that the Hearing Officer order the District to reinstate Student and hold a manifestation determination review within 10 days.

43.     The Motion for Expedited Interim Relief was frivolous, unreasonable, and without foundation as it sought relief in direct contravention of federal law, 20 U.S.C. §1415(k)(5) and 34 C.F.R. §300.534, directly addressing the respective rights of Students, and obligations of school districts, in disciplinary situations where the Student has not been identified as eligible for special education. The Motion for Expedited Interim Relief, consisting of three paragraphs total, failed to acknowledge, let alone discuss or analyze, the applicable legal standard, or how that standard could arguably provide the interim relief sought by Maxie.

44.     The Motion for Expedited Interim Relief was further filed for improper purposes as it set forth the same claim for relief that Maxie, through ALSC and Mr. Trick, was seeking in a second due process proceeding, DPH 18-05 (DPH II), thus requiring the District to oppose identical claims in two proceedings. The Motion for Expedited Interim Relief, filed on the eve of hearing and duplicative of another pending matter, was improperly made in an effort to harass the District, and needlessly increase the cost of litigation.

45.     The Motion for Expedited Interim Relief was addressed during two status conferences that were held on February 20, and February 21, 2018. During the February 21, 2018 status conference, in response to the District's stated position that it should not be required to respond to the motion on an expedited basis prior to hearing when no showing was made in the motion for a need for expedited consideration, the Hearing Officer recognized that there was no

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{00827648}

COMPLAINT                                                                 Page 13 of 24
*LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No.*_____

showing as to why Mr. Trick had waited until the week prior to hearing to file his motion for interim relief. If this was a tactical choice by Mr. Trick, the Hearing Officer added, "I would find that regrettable to wait and then file this [motion] as a way to distract the District from preparing for the hearing." The Hearing Officer also observed that the delay in filing the motion for interim relief undercut the argument that interim relief was necessary. Nonetheless, given the interim nature of the relief sought, the Hearing Officer directed the District to prepare and submit its opposition by 5:00 p.m. on Sunday, February 25.

46.    All of the time spent to prepare and submit the District's Opposition to the groundless, harassing, and duplicative Motion for Expedited Interim Relief was required to be done within the days immediately preceding the scheduled due process hearing. Filing of the frivolous, unreasonable, and baseless motion was for the improper purpose of harassing the District, and needlessly increasing the costs of litigation.

47.    Following the District's written Opposition to Motion for Expedited Interim Relief, Maxie's motion was denied by the Hearing Officer, orally on the record, during the first day of hearing, February 26, 2018. Hearing Officer Lebo explained that "there is a provision of the CFR that's right on point" and "no allegation was made in the motion that [the legal standard was] satisfied." He further found that the motion was improper because it sought relief dependent upon a finding that had not yet been made regarding Student's disability status, therefore "getting the cart before the horse."

48.    LKSD incurred and paid reasonable attorney fees and costs in responding to the frivolous, unreasonable, baseless, and improper Motion for Expedited Interim Relief, in excess of $2,500.00. These costs include time spent by LKSD attorneys during the status conferences addressing the motion, researching and compiling written documentation to support the District's

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{00827648}

COMPLAINT                                                                 Page 14 of 24
*LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No.*_____

Opposition to the Motion for Expedited Interim Relief, and drafting the District's Opposition to the Motion, as well as additional amounts paid for time spent by the Hearing Officer during status conferences to address the motion, and in reviewing pleadings, researching, analyzing, and ruling on the Motion.

49.     The attorney fees and costs paid by LKSD in responding to this Motion are reasonable and are based on rates prevailing in the State of Alaska for the kind and quality of services furnished.  20 U.S.C. §1415(i)(3)(C).

## THIRD CAUSE OF ACTION
(Award of Attorneys' Fees and Costs Regarding Defendants for "Motion to Continue Hearing")

50.     Plaintiff re-alleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 49 above.

51.     Beginning immediately after filing the complaint and Request for Due Process Hearing in DEED 18-04 (DPH I), Maxie, through Mr. Trick and ALSC, advocated during status conferences to delay the hearing.

52.     The Hearing Officer advised the parties on February 2, 2018 that motions should be promptly filed.  Further, the hearing dates of February 26-March 1, 2018 were set as of February 5, 2018.  During multiple status conferences, including the status conference on February 14, 2018, the District reiterated that it would not agree to a delay in the hearing schedule.

53.     Between the February 14, 2018 status conference and the February 20, 2018 status conference, Maxie, through ALSC and Mr. Trick, filed three motions, two of which are set forth in Causes of Action One and Two above, but did not file a motion to continue the hearing.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

[00827648]

COMPLAINT                                                                                                    Page 15 of 24
*LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No._____*

54.    During the status conference of February 20, 2018, and a follow-up status conference of February 21, 2018, Maxie, through ALSC and Mr. Trick, did not move for a continuance of the hearing in DPH I.

55.    The final status conference was held the afternoon of February 22, 2018, one business day before the scheduled hearing.  Mr. Trick sent an email to the Hearing Officer and District counsel five minutes prior to the status conference asserting that the hearing cannot proceed because Mr. Trick had located a decision of Hearing Officer Katcher in which Katcher ordered evaluations be completed prior to the hearing.

56.    During the status conference, Mr. Trick alerted LKSD's attorney and the Hearing Officer that he had "just sent an email" which, he asserted, confirmed that the hearing could not proceed as scheduled.  When the Hearing Officer explained that he was not going to consider continuing the hearing based upon an email which did not purport to be a motion, Mr. Trick made an oral motion to continue the hearing in DPH I.

57.    The parties spent the better part of the hour-long hearing addressing Mr. Trick's belated and baseless motion to continue the hearing.  During this time, Mr. Trick again mis-represented to the Hearing Officer that the District had "done nothing" toward completing Student's evaluations, and argued that the hearing must be delayed until the evaluations were complete.  Mr. Trick argued that the evaluations were relevant to the claims asserted, and further stated that, should the evaluations show that Student did not have a qualifying disability, he would "almost certainly dismiss both 18-04 and 18-05," which he asserted was good cause for a continuance.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{00827648}

COMPLAINT
*LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No.*_____

Page 16 of 24

58. The Hearing Officer took the matter under advisement. Between the time of Mr. Trick's oral motion and receipt of the Hearing Officer's order denying the motion for continuance, LKSD attorneys engaged in research necessary to respond and potentially appeal any decision to continue the hearing.

59. The Hearing Officer issued a summary Order denying the Motion to Continue Hearing on February 23, 2018, and issued his written rationale for the denial in a separate Order dated February 25, 2018. The Hearing Officer found that Maxie had ample opportunity prior to the eve of trial to request a continuance and that the belatedly discovered decision provided by Mr. Trick was not on point and "provides no support for the notion that the hearing in this case needs to be continued." Hearing Officer Lebo identified the impropriety of the Motion to Continue Hearing: "Parents' motion for a continuance was denied because no reasonable explanation was ever provided as to why Parents waited until the last minute to request it, after LKSD had undertaken significant efforts to prepare for the hearing." He held further, "Therefore, along with the prejudice that would have flowed from the last-minute nature of the continuance request, Parents have presented no cognizable basis for continuing the hearing."

60. The Motion to Continue Hearing was frivolous, unreasonable and without foundation. It was done for the improper purposes of causing undue delay, harassing the District, and needlessly increasing the cost of litigation.

61. LKSD incurred and paid attorney fees and costs related to the frivolous, unreasonable, baseless Motion to Continue Hearing in 18-04, in excess of $1,000.00. These costs include time spent by LKSD attorneys during the status conference on February 22, 2018 to address the last-minute oral motion, reviewing and evaluating the decision presented by Mr. Trick

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{00827648}

COMPLAINT                                                                 Page 17 of 24
*LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No.*_____

via email immediately before the status conference as supporting his oral motion to continue the hearing, researching and analyzing potential appeal in the event the oral motion was granted, and reviewing the Hearing Officer's orders concerning the motion, as well as amounts paid for time spent by the Hearing Officer during the status conference to address the motion, and in reviewing, analyzing, and ruling on the Motion.

62.    The attorney fees and costs paid by LKSD in responding to this Motion are reasonable and are based on rates prevailing in the State of Alaska for the kind and quality of services furnished. 20 U.S.C. §1415(i)(3)(C).

## FOURTH CAUSE OF ACTION
(Award of Attorneys' fees and costs against Defendants for "Complaint and Due Process Hearing Request 18-05, DPH II")

63.    Plaintiff realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 62 above.

64.    When the District would not agree to reinstate Student in school pending completion of an evaluation, and would not agree to stay the hearing timelines, Maxie, through ALSC and Mr. Trick, filed a second complaint for due process, DEED DPH 18-05 ("DPH II"), on February 1, 2018. This complaint asserted that the District violated stay-put, i.e., that Student had a right to return to the school environment during the pendency of DPH I. Other than purporting to assert a stay-put claim, the second cause of action presented substantially similar issues to those which were already presented in DPH I.

65.    DPH II was frivolous, unreasonable, and without foundation as it sought relief in direct contravention of federal law, 20 U.S.C. §1415(k)(5) and 34 C.F.R. §300.534, directly

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

[00827648]

addressing the respective rights of Students, and obligations of school districts, in disciplinary situations where the Student has not been identified as eligible for special education.

66.     DPH II was filed by Maxie, through ALSC and Mr. Trick, for the improper purpose of causing unnecessary delay in DPH I and harassing the District. DPH II was filed to force consolidation with DPH I and thus require extension of the DPH I timelines.

67.     When the District agreed to hear DPH I and II together so long as the hearing dates for DPH I were not extended, Maxie refused to present both claims during the dates established for DPH I, and sought to delay the hearing in DPH I.

68.     The District advised during a status conference that it would seek dismissal of DPH II and an award of attorney fees.

69.     The District filed its motion to dismiss DPH II on February 9, 2018. On February 20, 2018, Maxie, through ALSC and Mr. Trick, filed her Motion for Expedited Interim Relief in DPH I, as discussed in the Second Cause of Action above. The Motion for Expedited Interim Relief sought the same relief already pending in DPH II.

70.     Maxie, through ALSC and Mr. Trick, opposed the District's motion to dismiss DPH II on February 25, 2018. In that opposition, Mr. Trick again misrepresented the status of Student's evaluations, asserting that Student's parents had asked the District to evaluate Student seven weeks prior and that "[a]s of today, **none** of the evaluations have been completed or provided to [Student]" (bold in original). This representation was made knowing that assessments had previously been administered to Student in Bethel, Alaska, over a two-day period, February 19 and 20, 2018.

71.     As referenced above, Maxie's Motion for Expedited Interim Relief in DPH I was denied by the Hearing Officer, orally on the record, during the first day of hearing in DPH I,

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{00827648}

COMPLAINT                                                                 Page 19 of 24
*LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No.*_____

February 26, 2018. Hearing Officer Lebo explained that "there is a provision of the CFR that's right on point" and "no allegation was made in the motion that [the legal standard was] satisfied." He further found that the motion was improper because it sought relief dependent upon a finding that had not yet been made regarding Student's disability status, therefore "getting the cart before the horse."

72.     The Hearing Officer's ruling on the Motion for Expedited Interim Relief in DPH I was dispositive to the claims of DPH II. Despite this, ALSC and Mr. Trick failed to withdraw DPH II. Instead, ALSC and Mr. Trick continued to proceed with DPH II even though the claims had clearly become frivolous, unreasonable, and without foundation, thus requiring the District counsel and the Hearing Officer to expend time and resources to address the merits of the pending motion to dismiss.

73.     In failing to withdraw DPH II following Hearing Officer Lebo's dispositive ruling in DPH I, Maxie, through ALSC and Mr. Trick, improperly caused needless expense to the District.

74.     On April 30, 2018, Hearing Officer Lebo granted the District's Motion to Dismiss DPH II. The Hearing Officer found that 34 C.F.R. §300.534(d)(2) is directly applicable to Maxie's claim that the District violated stay-put and that "Parent has no cognizable stay-put claim against LKSD."

75.     From the time Maxie and ALSC filed the second, baseless due process request on February 1, 2018, until the time the case was dismissed on motion of the District for failure to state a cognizable claim, the District accrued and paid attorney fees and costs in connection with DPH II in excess of $8,000.00.     These costs include time spent by LKSD attorneys to address the Department of Education's improper "unilateral administrative consolidation" of DEED 18-05 with DEED 18-04, time spent during multiple status conferences to address the improper consolidation advocated by Mr. Trick and his assertions that the hearing dates must be moved due to the purported consolidation, time spent researching and analyzing case law to support a Motion

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{00827648}

COMPLAINT                                                                Page 20 of 24
LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No._____

to Dismiss the frivolous, unreasonable, and baseless DEED 18-05, reviewing and compiling exhibits to support the District's Motion to Dismiss DEED 18-05, drafting a Motion to Dismiss DEED 18-05, and time spent preparing for and attending Oral Argument on the District's Motion to Dismiss DEED 18-05, as well as additional amounts paid for time spent by the Hearing Officer during the status conferences to address DEED 18-05, and in reviewing, analyzing, and preparing orders related to .DEED 18-05.

76. The attorney fees and costs paid by LKSD in responding to and obtaining dismissal of DPH II are reasonable and are based on rates prevailing in the State of Alaska for the kind and quality of services furnished. 20 U.S.C. §1415(i)(3)(C).

## FIFTH CAUSE OF ACTION
(Award of Attorneys' fees and costs against Defendant ALSC for costs incurred after continued pursuit of claims clearly became frivolous, unreasonable, or without foundation)

77. Plaintiff realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 76 above.

78. Claims asserted in DPH I were premised on the allegations set forth in the complaint that Student was a Student with qualifying disabilities under IDEA. Mr. Trick of ALSC recognized during the February 22, 2018 status conference that, should the evaluations being undertaken at his request reflect no qualifying disability, voluntary dismissal of both DPH I and DPH II would be appropriate.

79. All assessments of Student in fact reflected that he has no qualifying disability. The Bethel Family Services assessment, which was conducted prior to DPH I and DPH II being filed, did not diagnose Student with any qualifying disability, but diagnosed him with Cannabis Use Disorder, Moderate. This report was not previously disclosed by Mr. Trick or Maxie, but was

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{00827648}

COMPLAINT
*LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No.*_____

provided to the District and the Hearing Officer on March 6, 2018, upon order of the hearing officer that this information be provided.

80.    Also in March shortly after the four-day hearing in DPH I, the Psychoeducational Report with results of assessments administered on February 19 and 20 was received and forwarded to Mr. Trick and the Hearing Officer. The initial report was forwarded on March 9, 2018, and a revised report incorporating additional cognitive assessments was submitted on March 20, 2018. This report concludes that Student does not meet eligibility criteria for special education because he does not have a qualifying disability. Finally, the pediatric neuropsychological report, which was requested by Mr. Trick on behalf of Maxie and Student, was obtained and provided to the Hearing Officer and Mr. Trick on May 14, 2018. This report also does not diagnose Student with a qualifying disability. Not only was Student not diagnosed with a qualifying disability, the pediatric neuropsychological report reflects Maxie's own assessment that Student was "generally cooperative" in school and that he "exhibits no symptoms of Oppositional Defiant Disorder at home or at school."

81.    Despite having recognized the propriety of voluntarily dismissing both DPH I and DPH II in the event the evaluations reflected no qualifying disability, Mr. Trick and ALSC did not do so. Instead, Mr. Trick and ALSC continued to litigate the claims asserted in both DPH I and DPH II, after they clearly became frivolous, unreasonable, and without foundation, as demonstrated by the fact that Student has no qualifying disability under IDEA.

82.    From the time all of the evaluation reports were received reflecting no diagnosis of a qualifying disability under IDEA to the date of the Hearing Officer's final order in DPH 18-I, the District accrued and paid attorney fees and costs in excess of $20,000.00. These costs include

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{00827648}

COMPLAINT                                                                    Page 22 of 24
*LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No.*_____

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

time spent by LKSD attorneys to attend multiple status conferences related to the pending claims in DPH I, reviewing four days of hearing transcripts and hundreds of pages of documentary evidence presented during the four-day hearing in DPH I for purposes of preparing and filing a post hearing brief and proposed findings of fact and conclusions of law, researching case law and drafting an opposition to Mr. Trick's motion to take additional testimony to challenge qualifications of the District's evaluator after the close of the hearing, and researching case law and drafting the District's post-hearing brief and proposed findings of fact and conclusions of law, as well as additional amounts paid for Hearing Officer time spent in connection with these matters including status conferences, time spent reviewing pleadings, researching, analyzing, and preparing orders related to Mr. Trick's motion to take additional testimony, and time spent reviewing post hearing briefs, analyzing, researching, and preparing orders related to DPH I and DPH II.

83.     The attorney fees and costs paid by LKSD in connection with the continuing litigation are reasonable and are based on rates prevailing in the State of Alaska for the kind and qualify of services furnished. 20 U.S.C. §1415(i)(3)(C).

WHEREFORE, plaintiff prays this court to enter judgment in its favor and against defendants by awarding the following relief:

1.     For a determination that the District is entitled to an award of reasonable attorney fees and costs incurred by the District in defending against motions in DEED 18-04 which were frivolous, unreasonable, without foundation and presented for an improper purpose, in defending DEED 18-05 which was frivolous, unreasonable, without foundation and filed for an improper purpose, and in defending DEED 18-04 and 18-05 after continued pursuit of these claims clearly became frivolous, unreasonable, or without foundation.

[00827648]

COMPLAINT
*LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No.*_____

2. For a judgment against Alaska Legal Services Corporation and Matthew Trick in his official capacity as an attorney at ALSC in an amount equal to the reasonable fees and costs incurred by the District in defending against filings in DEED 18-04 which were frivolous, unreasonable, without foundation and presented for an improper purpose, in defending DEED 18-05 which was frivolous, unreasonable, without foundation and filed for an improper purpose, and in defending claims pursued by ALSC and Mr. Trick in DEED 18-04 and DEED 18-05 after these claims clearly became frivolous, unreasonable, or without foundation.

3. For a judgment against Maxie an the amount equal to the reasonable fees and costs incurred by the District in defending against motions in DEED 18-04 which were presented for an improper purpose, and in defending DEED 18-05 which was filed for an improper purpose.

4. For an award of the reasonable fees and costs incurred in bringing this action.

5. Any other relief the court may determine is appropriate.

DATED at Anchorage, Alaska this 18th day of September, 2018.

JERMAIN DUNNAGAN & OWENS, P.C.
Attorneys for Plaintiff

By: _____
Eugenia G. Sleeper
Alaska Bar No. 9411119

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{00827648}

COMPLAINT

*LKSD v. A.M.; MATTHEW TRICK; and ALSC, Case No.*_____